**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
SOUTHERN DIVISION**

| | |
|---|---|
| **MARVIN BARTON**, *et al.*, | |
| **Plaintiffs,** | |
| **v.** | **Civil Action No.  06-cv-00192-AW** |
| **APARTMENT INVESTMENT AND MANAGEMENT COMPANY**, *et al.*, | |
| **Defendants.** | |

---

## MEMORANDUM OPINION

This class action concerns a dispute between Plaintiffs Marvin Barton, Aldo Cruz, William Brodie, and Rodney Lewis (collectively, "Plaintiffs") and Defendant Apartment Investment and Management Company and its subsidiaries ("AIMCO" or "Defendant") for Defendant's alleged failure to pay earned overtime to its employees and failure to pay its employees for their time spent waiting "on-call."  Pending before this Court is Defendant's Motion For Stay of Proceedings [16]. The motion and the oppositions to the motion have been fully briefed.  This Court has reviewed the pleadings and determined that no hearing is necessary.  *See* Local Rule 105(6) (D. Md. 2004).  For the reasons stated below, this Court will grant Defendant's Motion For Stay of Proceedings.

## FACTUAL & PROCEDURAL BACKGROUND

AIMCO is the largest owner and operator of apartments in the United States, with approximately 1,788 properties nationwide and approximately 33 in the state of Maryland.  AIMCO has a nationwide policy that if an AIMCO apartment resident calls requesting maintenance or other related assistance, an AIMCO employee will respond to the call within twenty minutes and will

1

resolve the problem within 24 hours, under most circumstances.  This requires some AIMCO employees to be on-call 24 hours a day in order to respond to the residents' problems with the promptness that AIMCO requires.  AIMCO generally assigns on-call status to hourly employees on a rotating basis.  Plaintiffs also allege that AIMCO has a nationwide policy of requiring authorization for an employee to work overtime.  In addition, AIMCO released thousands of employees in 2001 as part of its policy to assign more apartments to the charge of its maintenance workers than what is typical of other apartment management companies.  As a result of these policies, several hourly employees[1] of AIMCO assert that they were denied compensation for the overtime hours they worked while on-call responding to the needs of AIMCO's apartment residents. In addition, these employees assert that because an on-call employee must respond promptly to a resident's request, the employee's freedom is sufficiently restricted, warranting compensation for the on-call waiting period.  Plaintiffs contend that AIMCO's failure to pay its employees during the on-call waiting period is also a violation of federal and state law.

Consequently, several plaintiffs filed suit in the United States District Court of the District of Columbia (the "D.C. Case") pursuant to The Fair Labor Standards Act, 29 U.S.C. §§ 201-219 ("FLSA"); D.C. Code 32 § 1003 (2003); Maryland Wage and Hour Law, Md. Code Ann., Lab. & Empl. § 3-415 (2003); Cal. Lab. Code § 510 (2003); Cal. Code Regs tit. 8 § 11070.2 (A)(1); and California Unfair Compensation Law, Cal. Bus. & Prof. Code § 17-200 (2003).  The District of Columbia District Court severed the California and Maryland state claims on the basis that the notice procedures for the FLSA and the state claims under Fed. R. Civ. P. 23 are significantly

---

[1] The plaintiff class includes "Service-Technicians," "Maintenance Supervisors," and "Service Managers."

different and that these state claims should proceed in state court. As a result, the plaintiffs filed the state claims in the Circuit Court of Maryland, Montgomery County, and in the Superior Court of California, County of Contra Costa. Subsequently, Defendant removed the state claims to the District of Maryland and the Northern District of California, respectively. On March 22, 2006, the plaintiffs and Defendant in the California case, *Dominguez v. AIMCO,* 05-cv-04824-SC, filed a Joint Motion to Stay the proceedings in that court pending the disposition of Defendant's decertification motion in the D.C. Case, *Chase v. AIMCO,* 03-cv-01683-JR. In the instant case, Plaintiffs and Defendant have not agreed to stay the proceedings in this Court. On May 11, 2006, Defendant filed the instant Motion for Stay of Proceedings. Currently, the motion is ripe and ready for review. An opinion will now issue**.**

## DISCUSSION

Defendant seeks a stay of the proceedings in this Court until the *Chase* court rules on Defendant's soon-to-be filed motion to decertify the class in that case. A court retains discretion whether to grant or deny a stay. *Beck v. Communications Workers of America (C.W.A.)*, 468 F. Supp. 87, 91 (D. Md. 1979). A district court has inherent power to stay proceedings "to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. North American Co.,* 299 U.S. 248, 254 (1936). A stay of proceedings may be warranted if many of the factual and legal issues in the action before the court are identical to or dependent on factual and legal issues in an action pending in another court. *See Popoola v. MD-Individual Practice Association, Inc.*, 2001 WL 579774, at *2 (D. Md. 2001).

Plaintiffs contest the motion to stay on the ground that the decertification motion in *Chase* will invoke the FLSA, a statute that has a different certification standard than Fed. R. Civ. P. 23,

which is the class certification standard in the instant case.  The FLSA involves an opt-in notice procedure for unnamed plaintiffs interested in joining the class, while under Fed. R. Civ. P. 23, members of the class are permitted to opt-out upon receiving the required notice.[2]  Indeed, it was on this basis that the District Court for the District of Columbia severed the state claims that were originally filed along with the federal claims.  Nonetheless, the District of Columbia Circuit has recently reversed a ruling of another district court, which had declined supplemental jurisdiction pursuant to 28 U.S.C. § 1367 because of the differing certification standards of the FLSA and Fed. R. Civ. P. 23.  *See Lindsay v. Government Employees Ins. Co.*, 448 F.3d 416, 425 (D.C. Cir. 2006) ("We do not view the difference between the opt-in procedure provided by section 216(b) for the FLSA claims and the opt-out procedure for state law claims provided by Rule 23 as fitting the 'exceptional circumstances/other compelling reasons' language of section 1367(c)(4).").  In light of the *Lindsay* ruling, this Court views the legal issues in this action as virtually identical to those in *Chase*.

Plaintiffs also contest the Motion to Stay on factual grounds, asserting that a ruling in *Chase*, which involves a case national in scope, would not have bearing on the instant case, which only concerns facilities in Maryland.  Given that (1) three of the four named plaintiffs in the instant case are named plaintiffs in *Chase*; (2) the fourth plaintiff, Barton, has opted into the *Chase* case by filing a Notice of Consent; and (3) the plaintiffs in both *Chase* and the instant case challenge the same policy and practice by the same defendant, this Court finds the factual differences asserted by

---

[2] Pursuant to the FLSA, an employee who is represented by other employees in a representative action must give his consent in writing to become a party to the action so as to benefit from the action that is brought. Under Fed. R. Civ. P. 23, a individual must request to be excluded from the class by a specified date in order to avoid being bound by the court's judgment with respect to the class action.

Plaintiffs to be minuscule.  In the interest of judicial economy, a stay of the proceedings in this case will be instituted.

## **<u>CONCLUSION</u>**

For the foregoing reasons, this Court will grant Defendant's Motion to Stay.  An Order consistent with this Memorandum Opinion will follow.

Date: <u>August 22, 2006</u>               <u>         /s/          </u>

                                          Alexander Williams, Jr.

                                          United States District Judge